UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21536-Civ-COOKE/Damian

**EDNAMARIE HERNANDEZ**,

    Plaintiff,

vs.

**CITY OF HOMESTEAD, FLORIDA,
and GEORGE GRETSAS,**

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge (the "Report") [ECF No. 63], regarding Defendants' Joint Motion to Dismiss Second Amended Complaint ("SAC") with Prejudice (the "Motion") [ECF No. 45]. Plaintiff asserts the following claims in the SAC: violation of civil rights under 42 U.S.C. § 1983 against George Gretsas, the City Manager of Homestead, Florida from November 22, 2010, to January 3, 2020, based on hostile work environment, negative employment references and conducting a secret investigation (Count 1); violation of civil rights under 42 U.S.C. § 1983 against Gretsas based on retaliatory publication of false information to local persons and others in city government (Count 2) and to the newly elected mayor (Count 3); and violation of civil rights under 42 U.S.C. § 1983 against the City of Homestead, Florida (Count 4).

In her Report, Judge Damian recommends that the Motion be granted with prejudice as to all four Counts asserted in the SAC. Judge Damian recommends that Count 1 be dismissed as a shotgun pleading. (Report p. 14). Judge Damian additionally recommends that the Count 1

allegations, whether considered together or as individual actions, are insufficient to demonstrate an adverse employment action as a basis for a First Amendment retaliation claim. (Report p. 26).

Judge Damian recommends that Count 2 be dismissed because there is no basis to conclude that Gretsas' allegedly retaliatory speech amounted to a threat, coercion, or intimidation which intimated that punishment, sanctions, or adverse regulatory action would imminently follow. (Report p. 37). *See Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) (noting that at least eight federal circuit courts of appeal (along with the district court in *Echols*) require a plaintiff to show that a public official's allegedly retaliatory speech amounted to "a threat, coercion, or intimidation intimating that punishment, sanctions, or adverse action will imminently follow.") (citing *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000) (collecting cases)). In support of this recommendation, Judge Damian noted that Plaintiff did not learn of Gretsas' conduct until years after the conduct ceased and that Plaintiff supplied the Court with the inference that she did not even know who the alleged perpetrator was until well after the conduct ceased. (Report p. 37).

Judge Damian recommends that Count 3 be dismissed because, notwithstanding the fact that the SAC does not indicate when Plaintiff learned that the mayor had seen an allegedly retaliatory dossier about Plaintiff, or the fact that Plaintiff was not otherwise aware of the existence of the dossier until some time in 2020, the SAC fails to explain how Gretsas showing the mayor Plaintiff's dossier amounted to a threat, coercion, or intimidation of Plaintiff. (Report p. 38).

Judge Damian additionally recommends that, even if Counts 1 through 3 did sufficiently allege First Amendment violations, they should nevertheless be dismissed because Gretsas is entitled to qualified immunity. (Report pp. 28, 39). Finally, because Plaintiff failed to establish that Gretsas violated Plaintiff's constitutional rights as alleged in Counts 1 through 3, Judge

Damian recommends that Plaintiff's *Monell* claim in Count 4 against the City of Homestead fails and must be dismissed because the claim is predicated on Gretsas' alleged violations as set forth in Counts 1 through 3. (Report p. 45).

Plaintiff timely filed objections (the "Objections") [ECF No. 64] to Judge Damian's disposition with respect to Counts 2, 3 and 4 of the SAC but did not object to Judge Damian's disposition with respect to Count 1. Defendants timely filed a response in opposition to Plaintiff's objections [ECF No. 65].

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. FED. R. CIV. P. 72(b)(3). When no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress' intent was to require *de novo* review only when objections are properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). Because Plaintiff filed timely objections to parts of Judge Damian's Report, the Court reviews those parts of Judge Damian's Report *de novo*.

In her objections, Plaintiff argues that Judge Damian erred with respect to Counts 2 and 3 in finding that Gretsas' conduct did not constitute a threat, coercion, or intimidation intimating that punishment would imminently follow. To support this objection, Plaintiff attempts to recast the SAC, arguing that the allegations reflect that she was intimidated in "real time" by Gretsas' alleged retaliatory publication. (Objections p. 3). Plaintiff also argues that Judge Damian erred in finding

that Gretsas is entitled to qualified immunity with respect to Counts 2 and 3 because Plaintiff contends that Gretsas was on notice that his conduct violated clearly established law. (Objections p. 10). Finally, because Plaintiff maintains that she states a cause of action against Gretsas with respect to Counts 2 and 3, she argues that her *Monell* claim in Count 4 against the City of Homestead should not be dismissed. (Objections p. 10).

After conducting a *de novo* review of the record, Plaintiff's objections, Defendants' response to Plaintiffs's objections, and the relevant legal authorities, the Undersigned finds that Counts 2 and 3 of the SAC should be dismissed because there is no basis to conclude that Gretsas' allegedly retaliatory speech amounted to a threat, coercion, or intimidation intimating that punishment, sanctions, or adverse regulatory action would imminently follow. The Undersigned also finds that Counts 1 through 3 should be dismissed because Gretsas is entitled to qualified immunity and that Plaintiff's *Monell* claim in Count 4 against the City of Homestead must be dismissed because there is no underlying constitutional violation by a city actor. The Court finds that there is no clear error as to Judge Damian's disposition with respect to Count 1 of the SAC.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 63]** is **ACCEPTED AND ADOPTED**. Accordingly, Defendants' Motion to Dismiss Second Amended Complaint with Prejudice [**ECF No. 45**] is **GRANTED**. The Clerk is instructed to **CLOSE** this case. Any pending deadlines are **TERMINATED**. Any other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida this 13th day of September 2022.

Case No. 21-21536-Civ-COOKE/Damian

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc: Melissa Damian, U.S. Magistrate Judge
counsel of record